UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE DIANE L. ROMAN, | : |
| | : |
| Debtor. | : |
| ------------------------------------------------- | : |
| LOUIS ROMAN, | : |
| | : |
| Appellant, | : No. 3:10cv1109 (MRK) |
| | : |
| v. | : |
| | : |
| BANK OF NEW YORK, | : |
| | : |
| Appellee. | : |

## **AMENDED RULING AND ORDER**

Pending before the Court is Louis Roman's *pro se* appeal of the Bankruptcy Court's (Schiff, *J.*) order relieving Appellee Bank of New York from an automatic stay imposed under 11 U.S.C. § 362.[1] The Bankruptcy Court entered the order based on a stipulation submitted by and signed by counsel for the debtor, Diane L. Roman, and Appellee Bank of New York. Mr. Roman asserts in this appeal that the Bankruptcy Court's order is invalid because Mrs. Roman – his wife – did not approve of the stipulation. For the reasons set forth below, Mr. Roman's appeal is DISMISSED.

**I.**

This case has been marred by "a 'long history of delays,'" *BNY Western Trust v. Roman*, 295 Conn. 194, 197 (2010) (quoting *BNY Western Trust v. Roman*, 102 Conn. App. 265, 266 (2007), *cert. denied*, 284 Conn. 935 (2007)), and has a complicated factual background stretching back over ten years. The Court assumes the parties' familiarity with that background and discusses only those facts that are directly relevant to Mr. Roman's appeal. *See, e.g.*, *Austen v. Catterton Partners V,*

---

[1] The Court's original Ruling and Order erroneously identified Appellant as Jason Roman, rather than as Louis Roman, in the caption and in the text. The Court regrets its error.

*L.P.*, 709 F. Supp. 2d 168, 172 (D. Conn. 2010).

Mr. and Mrs. Roman have been fighting various banks' attempts to foreclose on Mrs. Roman's mortgage for more than ten years. *See Roman*, 295 Conn. at 197. In the Romans' most recent attempt to stop Appellee Bank of New York from foreclosing on the mortgage, on March 31, 2010, Mrs. Roman filed a Chapter 13 petition in the Bankruptcy Court. *See In re Roman*, No. 10-50741 (Bankr. D. Conn. filed Mar. 31, 2010) (Schiff, *J.*). That Chapter 13 petition was not the first, but the *fourth* bankruptcy petition filed in relation to Mrs. Roman's mortgage. Mr. Roman is not a party to the underlying Bankruptcy Court proceeding.

The filing of a Chapter 13 petition automatically stays any pending foreclosure action against the bankruptcy petitioner. *See* 11 U.S.C. § 362; *Murray v. Norstar Mortgage Corp.*, 201 F.3d 432, 432 (2d Cir. 1999). Mrs. Roman's filing in the Bankruptcy Court prevented Appellee Bank of New York from transferring title to the Romans' home, despite the fact that a judicially-approved foreclosure sale had been held years before the filing. Under such circumstances, it is not unusual for a bankruptcy court to alter the terms of an automatic stay to allow a creditor to complete foreclosure. *See, e.g.*, *In re Pantani*, 377 B.R.D. 28, 31 (Bankr. D. Conn. 2007).

On April 15, 2010, Bank of New York filed a motion seeking termination of the automatic stay. Rather than ruling on the motion, the Bankruptcy Court encouraged the parties to hold a settlement conference. Following the parties' negotiations, on May 11, 2010, counsel for both parties submitted a stipulated order to terminate the stay in order to permit Bank of New York to complete the foreclosure action. The Bankruptcy Court adopted the stipulated order on May 17, 2010.

Mr. Roman filed a *pro se* Notice of Appeal [doc. # 1] in this Court on July 15, 2010. Mrs.

Roman has not appealed from the Bankruptcy Court's order. As the Court has already mentioned, Mr. Roman is not a party to the underlying proceeding in the Bankruptcy Court. He identifies himself here only as an "interested party." Mr. Roman – who is not an attorney – wisely does not purport to represent Mrs. Roman's interests here.

On September 27, 2010, after the parties submitted their initial briefs in this appeal, the Court issued an Order to Show Cause [doc. # 22] directing both parties to file additional briefs on the issue of whether this Court may – or should – exercise jurisdiction over this appeal. *See* 28 U.S.C. § 158(a) (setting forth the scope of federal district courts' mandatory and discretionary jurisdiction over appeals from bankruptcy courts' judgments, orders, and decrees). Bank of New York filed a Supplemental Brief [doc. # 23] on October 8, 2010. Mr. Roman has elected not to file a brief.

## II.

Congress has given this Court jurisdiction over appeals from judgments, orders, and decrees of bankruptcy judges. *See* 28 U.S.C. § 158(a); *see, e.g.*, *In re Traversa*, 371 B.R. 1, 2 (D. Conn. 2007). The Court has mandatory jurisdiction over appeals from "final judgements, orders, and decrees" of bankruptcy judges. *Id.* § 158(a)(1). The Court also has mandatory jurisdiction over appeals from "interlocutory orders and decrees . . . increasing or reducing . . . the time period[]" for filing a bankruptcy plan. *Id.* § 158(a)(2); *see* 11 U.S.C. § 1121(d). The Court has discretionary jurisdiction over appeals from all "other interlocutory orders and decrees." 28 U.S.C. § 158(a)(3). A party seeking to pursue such an appeal may only do so with the Court's leave. *See id.*

The Court first considers whether the order from which Mr. Roman appeals – the Bankruptcy Court's May 17, 2010 order to terminate the automatic stay and permit Bank of New York to complete the foreclosure action – was a "final" order. *Id.* § 158(a)(1).

3

> The standards for determining finality under § 158(a)(1) differ from those applicable to ordinary civil litigation. The need for different standards arises from the fact that a bankruptcy proceeding in umbrella litigation often covering numerous actions that are related only by the debtor's status as a litigant and that often involve decisions that will be unreviewable if appellate jurisdiction exists only at the conclusion of the bankruptcy proceeding. . . . Congress intended to allow for immediate appeal in bankruptcy cases of orders that finally dispose of *discrete disputes within the larger case*.

*In re The Bennett Funding Group, Inc.*, 439 F.3d 155, 160 (2d Cir. 2006) (citation omitted). For § 158(a)(1) purposes, a dispute "means at least an entire claim on which relief may be granted." *Id.* (citation omitted). For example, a bankruptcy court's order approving a settlement that brings an end to litigation between particular parties is typically considered a final order. *See id.* (citation omitted).

The Court expresses considerable skepticism over whether the order appealed from is a final order – and if it is not final, the Court would not exercise its discretion to consider the order. That said, the Court is willing to assume without deciding that the Bankruptcy Court order from which Mr. Roman appeals is a "final" order that is automatically appealable to this Court under § 158(a)(1). Mrs. Roman's filings in the Bankruptcy Court in this case are unusual, to put it mildly. On her initial Title 13 petition, filed on March 31, 2010, she claimed she owned over $200,000 in assets and owed less than $4,000 in liabilities. Her Title 13 plan, also filed on March 31, 2010, focused almost exclusively on her plan to "redeem" her residence from the mortgage. Considering both of those circumstances, it appears that Mrs. Roman's primary – and perhaps sole – purpose before the Bankruptcy Court was to obtain the benefit of an automatic stay pursuant to 11 U.S.C. § 362 and thus retain title to her residence. As a practical matter, the Bankruptcy Court's order permitting transfer of the title to Bank of New York based on the parties' stipulation put an end to Mrs. Roman's only claim against Bank of New York.

## III.

Even assuming that the Bankruptcy Court's order was final and appealable under § 158(a)(1), Mr. Roman lacks standing to pursue such an appeal. In determining whether a party has standing to appeal a particular district court order, the Court ordinarily must look to whether the party is a "person aggrieved," meaning a person who is "'directly and adversely affected pecuniarily by' the challenged order." *Int'l Trade Admin. v. Rensselaer Polytechnic Inst.,* 936 F.2d 744, 747 (2d Cir. 1991).[2] Mr. Roman is not a "person aggrieved" by the Bankruptcy Court's order. Mr. Roman is not even a party to the underlying proceedings in the Bankruptcy Court. Mrs. Roman is a party to those proceedings, but Mr. Roman may not represent her interests here as he is not her attorney. As Mr. Roman candidly admits, only Mrs. Roman executed the mortgage at issue in this case. *See* Appellant's Brief [doc. # 17] at 3. Mr. Roman asserts in his brief that he is an aggrieved party because he and Mrs. Roman jointly own their residence. *See* Appellant's Reply Br. [doc. # 21] at 3. In fact, however, the residence was sold at a foreclosure sale nearly five years ago. *See Roman*, 295 Conn. at 197-98.

The Court is not unsympathetic to Mr. Roman's argument that he is aggrieved by the Bankruptcy Court's order because he "could effectively be homeless" as a result of the order. Appellant's Reply Br. [doc. # 21] at 3. The order could indeed have that effect, and the Court does not doubt that Mr. Roman feels aggrieved by the order. But for purposes of establishing standing to pursue an appeal from a bankruptcy court order, only *pecuniary* aggrievement is relevant. *See*

---

[2] The Second Circuit recently recognized that a party with an official duty to enforce the bankruptcy law in the public interest also has a sufficient stake in the outcome of bankruptcy proceedings to confer appellate standing. *See In re Zarnel*, --- F.3d ----, 2010 WL 3341428, at *4-5 (2d Cir. 2010). The "public interest" standard for bankruptcy appellate standing, *id.* at * 5, has no application here because Mr. Roman has no official role in bankruptcy law enforcement.

*Int'l Trade Admin.*, 936 F.2d at 747; *see, e.g.*, *In re Altman*, 254 B.R. 509, 511 (D. Conn. 2000). As Mr. Roman has not – and indeed cannot – show that he has a pecuniary interest in the property affected by the Bankruptcy Court's order, the Court concludes that he lacks standing to pursue this appeal.

**IV.**

In sum, the Court assumes that the Bankruptcy Court order from which Mr. Roman appeals was final order appealable as of right under 28 U.S.C. § 158(a)(1), but concludes that Mr. Roman lacks standing to pursue an appeal from the Bankruptcy Court's order. Mr. Roman's appeal is therefore DISMISSED. **The Clerk is directed to close this file.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz      
United States District Judge

**Dated at New Haven, Connecticut: October 26, 2010.**